**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA R. REYNOLDS-COLLINS, : | |
| : | Case No. 2:14-cv-1204 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| PATRICK R. DONAHOE, : | |
| POSTMASTER GENERAL, : | Magistrate Judge Kemp |
| U.S. POSTAL SERVICE, : | |
| : | |
| **Defendant.** : | |

## **OPINION & ORDER**

This matter is before the Court on Defendant Patrick R. Donahoe, Postmaster General, United States Postal Service's Motion to Dismiss, (Doc. 8). Defendant moves this Court to dismiss *pro se* Plaintiff Cynthia Reynolds-Collins' complaint for failure to exhaust the administrative process and failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**.

### **I.     BACKGROUND**

Plaintiff, a United States Postal Service ("USPS") employee, commenced this action *pro se* on August 11, 2014. In a brief complaint, Plaintiff alleges that her employer retaliated against her because she had filed a prior claim against the employer, violating her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* (*Compl.*, Doc. 3 at 3). She claims that: management contacted the Department of Labor and told them that her work-related injury was not work related; her request for leave was approved initially by one supervisor, then denied after

that employer "left"; and she was given the wrong forms to file a workers compensation claim. (*Id.*). Plaintiff seeks a judgment of $ 300,000.00 from USPS for her claim. (*Id*. at 4).

The underlying facts are fleshed out more fully in various documents related to the corresponding administrative proceedings on Plaintiff's claim, attached to Defendant's Motion to Dismiss.[1] At the time the events complained of in Plaintiff's EEOC Complaint took place, Plaintiff was employed as a City Carrier at the Tri-Village Post Office in Columbus, Ohio. (Doc. 8-1, Def. Ex. A, EEOC Decision, at 1). On October 21, 2013, during Plaintiff's initial contact with an EEO counselor, she raised three claims to support her charge of retaliation: (1) that her CA1 form was not submitted timely; (2) that she was not allowed to act as a 204B supervisor; and (3) that she was treated in a "rude and disrespectful manner." (Doc. 8-2, Def. Ex. B, EEO Dispute Resolution Specialist's Inquiry Report, at 1). Plaintiff did not provide the dates for any of the incidents underlying her three claims. She only informed the EEO counselor that the alleged harassment began on September 1, 2013. (*Id.*).

On December 24, 2013, Plaintiff timely filed a formal complaint to the agency. In her formal complaint, Plaintiff did not raise the three claims made to the EEO counselor; instead, she raised four new claims. (Doc. 8-3, Def. Ex. C, EEO Complaint of Discrimination in the Postal Service, at 1). Those claims were: (1) that leave for a doctor's appointment was disapproved; (2) that management contacted the Office of Workers Compensation Programs ("OWCP") to have

---

[1] The Court can consider public records without converting the motion to a motion for summary judgment, and thus it will consider the decisions and exhibits from the administrative proceedings in this matter. *See Wyser–Pratte Management Co., Inc. v. Telxon Corp.,* 413 F.3d 553, 560 (6th Cir. 2005) (holding "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice"); *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360–361 (6th Cir. 2001) ("Court may consider the full text of the SEC filings, ... and statements 'integral to the complaint,' even if not attached, without converting the motion into one for summary judgment....").

Plaintiff's claim disproved; (3) that Plaintiff was given the incorrect CA forms to file her on-the-job injury claim; and (4) that Plaintiff's manager was "a liar and unprofessional." (*Id*.). Plaintiff again identified her complaint as raising a retaliation claim. In the complaint, she again failed to provide any dates for the alleged retaliatory occurrences. (*Id*.).

The agency determined that none of the claims Plaintiff presented in her formal complaint were brought to the attention of the EEO counselor or were like or related to the claims that were conveyed to the EEO counselor. Consequently, the agency dismissed Plaintiff's complaint for failure to state a claim. (Doc. 8-4, Def. Ex. D, Dismissal of Formal EEO Complaint, at 2). The EEOC affirmed the agency's finding and informed Plaintiff of her right to file a civil action reviewing the EEOC's decision. (Doc. 8-1 at 2). Plaintiff's complaint to this Court followed. (*See* Doc. 3).

On November 20, 2014, Defendant filed this Motion to Dismiss for failure to state a claim under Rule 12(b)(6) and for failure to exhaust the administrative process. (Doc. 8). Thereafter, Plaintiff responded. (Doc. 9). This matter is ripe for review.

## II. STANDARD OF REVIEW

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of an action for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  Likewise, a plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570

A claim succeeds in being "plausible on its face" when it contains sufficient factual content to "allow the court to draw reasonable the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  This is, the Court has made clear, "not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  It is not enough that a complaint "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

### A. Sufficiency of Pleadings

Defendant argues, first, that Plaintiff "did not exhaust her administrative remedies because she failed to contact an EEO counselor within 45 days of the conduct she alleges was retaliatory discrimination." (Doc. 8 at 5). In addition, Defendant asserts that "[e]ven a liberal reading of Plaintiff's complaint, drawing all inferences in her favor, does not create a cognizable claim entitling her to relief" under Rule 12(b)(6). (*Id*. at 6). In support of the latter claim, Defendant dissects Plaintiff's complaint sentence-by-sentence, stating:

> The first [sentence] is a statement of Plaintiff's subjective belief: "I believe this is Retaliation from a previous claim I filed." *Id*. The next is a bare legal conclusion: "Management violated my title (7) rights." *Id*. Plaintiff then moves to three factual assertions: "Management contact Dept. of Labor and told them that my work related injury was not work related. When I requested leave it was approved by one supervisor and once he left they denied it. I was given the wrong forms to filed [sic] a worker comp. claim. . ." *Id.* (emphasis and ellipses in original). Even construing these facts liberally in light of Plaintiff's *pro se* status, her assertions do not create a reasonable inference that USPS discriminated against her; Plaintiff's complaint fails to link her factual assertions to any viable legal theory against USPS. Plaintiff next claims that "I already had a previous claim on this matter," and goes on to state that "[m]anagement also prevented from reprisal." *Id*. These statements are "so unsubstantial" and unclear as to fail to create even a suspicion of a cognizable legal claim. Plaintiff's complaint ends with a conclusory statement of law—"a naked statement devoid of any factual enhancement"— claiming again that "[m]anagement violated my title (7) of the Civil Right Act of 1964 (sic)." *Id*.

(Doc. 8 at 5). From this analysis, Defendant concludes that Plaintiff's complaint fails to state a claim under Rule 12(b)(6).

In Plaintiff's response to Defendant's Motion to Dismiss, she largely reiterates her complaint, stating:

> Management violated my Title VII rights under the Discrimination Acts pf [*sic*] 1964. The Plaintiff exhausted all of her administrative remedies that were available to her in the United States Postal Services. Plaintiff filed discrimination against the United States Postal Services and that is a claim upon relief can be granted.

(Doc. 9).

To survive a motion to dismiss, plaintiffs are obliged to provide grounds entitling them to relief beyond a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. A complaint must contain sufficient facts that, accepted as true, state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility where the pleadings allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

To be sure, Courts should hold *pro se* complaints to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Washington v. Comm'r of Soc. Sec.*, No. 1:07-CV-230, 2008 WL 4449428, at *4 (S.D. Ohio, Sept. 30, 2008) ("A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements.") (internal citations and quotations omitted). Indeed, the Sixth Circuit has determined that, "[t]he rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (citing *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)).

Nevertheless, "[a] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Leisure v. Hogan,* 21 F. App'x 277, 278 (6th Cir. 2001). This means "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support

6

conclusory allegations." *Id*.; *see also Livingston v. Ohio Bureau of Motor Vehicles*, No. 2:13-CV-0047, 2013 WL 5297249, at *2 (S.D. Ohio Sept. 19, 2013), *aff'd* (May 29, 2014). Unfortunately, even under a more lenient standard of review, the Court cannot find that Plaintiff's complaint states a claim upon which relief can be granted.

Title VII prohibits discriminating against an employee because that employee has engaged in conduct protected by Title VII. *See* 42 U.S.C. § 2000e–3(a). A Title VII retaliation claim can be established "either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation." *Imwalle v. Reliance Medical Products*, 515 F.3d 531, 543 (6th Cir. 2008).

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) Defendant knew that she engaged in the protected activity; (3) Defendant took an action that was "materially adverse" to Plaintiff;[2] and (4) a causal connection existed between the protected activity and the materially adverse action. *Weeks v. Michigan, Dep't of Cmty. Health*, 587 F. App'x 850, 858 (6th Cir. 2014) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014), *rehearing denied* (Apr. 2, 2014)). Title VII retaliation claims "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ––– U.S. ––––, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013); *see also Weeks v. Michigan, Dep't of Cmty. Health*, 587 F. App'x 850, 858 (6th Cir. 2014).

In this case, even a liberal reading of Plaintiff's complaint under the lenient standard reserved for *pro se* litigants does not reveal a sufficiently plead, cognizable claim entitling her to

---

[2] As an alternative, Plaintiff may show that she "was subjected to severe or pervasive retaliatory [or other discrimination-based] harassment by a supervisor." *Weeks v. Michigan, Dep't of Cmty. Health*, 587 F. App'x 850, 858 (6th Cir. 2014) (quoting *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000)).

relief under Title VII. Indeed, Plaintiff's complaint fails to set forward sufficient direct or inferential allegations related to any of the material elements of a Title VII retaliation claim. The complaint merely puts forward a conclusory allegation that she was retaliated against because of a "previous claim [she] filed," and three factual assertions – that (1) management contacted the Department of Labor and told them her work-related injury was not work related; (2) her leave was initially approved and then later denied; and (3) she was given the wrong forms to file a workers compensation claim – regarding actions allegedly taken by "management," facts Plaintiff apparently intended as inferential support for that conclusory allegation of discrimination. More specifically, Plaintiff alleges only that she was retaliated against because of a "previous claim." She puts forward no facts demonstrating that that "previous claim" constitutes protected activity under Title VII. Further, while Plaintiff identifies three actions she claims that her employer took against her in retaliation, she puts forward no facts demonstrating that those actions were "materially adverse" to her, as that term is defined by the courts.[3] Moreover, even if we found, under the lenient standard afforded to *pro se* litigants, that those two elements were pled sufficiently, at the very least, Plaintiff fails to allege any facts whatsoever related to Defendant's knowledge of her alleged engagement in protected activity and she fails to allege any facts demonstrating a causal connection between the protected activity and any materially adverse action allegedly taken against her.

  Construing Plaintiff's statements in her favor, and with leniency, her complaint sets forward little more than "naked assertions devoid of further factual enhancement." *Eubanks*, 2014 WL 5662434, at *2 (S.D. Ohio Nov. 4, 2014) (citing *Twombly*, 550 U.S. at 557). This is

---

[3] In the context of a Title VII retaliation claim, courts have defined "materially adverse" as an action that is "harmful to the point that [it] might well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citations omitted); *see also Laster v. City of Kalamazoo*, 746 F.3d 714, 731 (6th Cir. 2014), reh'g denied (Apr. 2, 2014) (citing *Burlington N.*, 548 U.S. at 68).

insufficient to "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and thus is insufficient to survive a motion to dismiss under Rule 12(b)(6).  For these reasons, Defendant's Motion to Dismiss under Rule 12(b)(6) is **GRANTED**.[4]

### B. Leave to Amend

Courts have discretion to determine whether to dismiss a complaint or to grant plaintiff the opportunity to amend.  *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).  In cases "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id*. (citing *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).  Importantly, this Court's decision here to grant Defendant's Motion to Dismiss does not weigh on the merits of Plaintiff's claims against Defendant.

Accordingly, the Court **GRANTS** Plaintiff leave to file an amended complaint consistent with the foregoing Opinion and Order within **FOURTEEN DAYS** from the entry of this Order on the Court's docket.  If no amended complaint is filed within fourteen days, the Court will deem Plaintiff's Complaint dismissed with prejudice.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 8), and *sua sponte* **GRANTS** Plaintiff leave to amend her complaint consistent with the foregoing.

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**Dated: September 4, 2015**

---

[4] Because this Court finds that Plaintiff has failed to state a claim under Rule 12(b)(6), this Court need not consider Defendant's alternative argument that Plaintiff's complaint must be dismissed for failure to exhaust the administrative process.

9